Ennis et al. v. Hogan et al.

---

RICHARD ENNIS *et al.*, Appellants, *v.* JOHN HOGAN *et al.*, Respondents.

1. *Practice, civil — Pleadings — Answer — Reply — New matter — Judgment.* — In suit under the statute against a stockholder in a corporation, defendant, after admitting the insolvency and dissolution of the corporation as charged in the petition, alleged that his stock was paid in full, and that he had in addition paid corporation debts to an amount exceeding the total amount of his stock. *Held,* that the answer set up new matter which could alone be put in issue by a reply; and there being no reply, the facts stood admitted, and the judgment followed as of course. An averment in the answer of the medium of payment — as that it was in money — was wholly unnecessary.

33—VOL. XLVII.

2. *Practice, civil — Pleadings — Reply, when result of accident or mistake. may be set aside.*—Where the failure to reply is the result of accident or mistake, the judgment may be set aside on reasonable terms where the motion to set aside is made in the term.

*Slayback & Haeussler,* for appellants.

No reply was required in this case. The answer does not confess and avoid the allegation of the petition; does not admit the claim against the defendants by the plaintiffs, and then show a demand existing in favor of the defendant against the plaintiffs; is not new matter, nor is it a counter-claim within the meaning of the statute. " The practice act only requires a reply when the answer contains new matter constituting a counter-claim." (Carpenter v. Meyers, 32 Mo. 213 ; see generally Holzbauer v. Heine, 37 Mo. 443–4 ; Jones v. Moore, 42 Mo. 413 ; Gen. Stat. 1865, p. 686, § 26 ; Elliot v. Leak, 4 Mo. 540 ; Branstetter v. Rives, 34 Mo. 318 ; Nordmanser v. Hitchcock, 40 Mo. 178 ; Downing v. Still *et al.,* 43 Mo. 309 ; O'Fallon v. Davis, 38 Mo. 269 ; Stout v. Lewis, 11 Mo. 438 ; Arnold v. Palmer, 23 Mo. 411.) That the assertion of having procured the satisfaction of a judgment in a certain amount is no plea of payment of that amount, this court has distinctly held in the case of Lingle *et al.* v. National Ins. Co., 45 Mo. 109–10.

*Terry & Terry,* for respondents.

CURRIER, Judge, delivered the opinion of the court.

The defendants had judgment on their answer for want of a reply, and the question here is, was the judgment warranted? In other words, did the answer contain new matter constituting an affirmative defense?

The alleged indebtedness sued for was originally contracted by a private corporation, in which each of the defendants held $3,000 of stock. It is on that ground they are sought to be held to personal liability, the corporation in the meanwhile having become insolvent and been dissolved. The defendants in their answer admit the alleged insolvency and dissolution, and their alleged relation to the corporation as stockholders, and then allege a state

of facts not adverted to in the petition, in avoidance of their supposed liability, to-wit: that their stock was paid in full, and that they had in addition paid corporation debts to an amount exceeding the total amount of their stock. Here is a plain case of confession and avoidance. The defendants admit every fact alleged against them as stockholders, and then avoid liability by showing other and additional facts. They do not aver payment of the debts sued for, but the payment of other corporation liabilities whereby their liability as stockholders has been discharged. So far as this branch of the case is concerned, it makes no difference that the defendants put in issue the fact of the alleged corporation indebtedness to the plaintiff. It is not alleged that that indebtedness has been paid, and were it so alleged I fail to see that it would make any difference with the point under consideration. The case is wholly unlike Van Giesen v. Van Giesen, 10 N. Y. 316, and other like cases to which counsel have referred. . If these views are well founded, and I think they are, it follows that the answer contained new matter which could alone be put in issue by a reply. There being no reply, the facts constituting the defense stood admitted, and the judgment followed as a matter of course. (2 Wagn. Stat. 1017, §§ 15, 16.)

Had the failure to reply been the result of accident or mistake, the judgment should doubtless have been set aside, on some reasonable terms, had the court been asked to do so in season — that is, during the term. But here the motion to set aside was not made till several terms after the judgment was rendered, and came too late, and was properly overruled. Some criticism has been made upon the form of the answer averring payment of corporation indebtedness. The allegation is that the defendants paid off corporation debts (in one case a judgment against the corporation directly, and in the other a judgment founded upon corporation indebtedness) to an amount (specifying the exact amount) exceeding the stock held by the defendants respectively. The point is taken that the "answer does not say that either of said defendants paid money" in satisfaction of the judgment. The averment of the medium of payment was wholly unnecessary. The answer shows a *prima facie* defense. If the plaintiffs

wished to put in issue the good faith or the amounts of the payments they should have replied, making the proper averments. It is too late now to criticise the answer in respect to mere matters of form. The judgment cures all mere formal and technical defects.

The judgment must be affirmed. The other judges concur.