Effie Williams, by Wiley Williams, Her Next Friend, Appellant, v. Chicago, Burlington & Quincy Railroad Company.—6 S. W. (2d) 929.

Court en Banc, May 18, 1928.

J. R. Weinbrenner and Bishop & Claiborne for appellant.

*H. J. Nelson* and *Douglas W. Robert* for respondent.

GRAVES, P. J.—One phase of this record shows that plaintiff filed a petition herein June 1, 1922; September 6, 1922, defendant filed a motion to quash a notice to take depositions in the case, for reasons therein fully set out; that on September 8th there was a hearing upon said motion, and the same was overruled. The foregoing is mere history of the case, for the real case now before us begins with the filing of an amended petition. This petition was filed May 5, 1923. It is an action by the wife for the alleged negligent killing of her husband, and was against the present respondent, and two other defendants—one corporate and one individual.

On May 21st defendant refiled its original separate answer to this amended petition. November 10th the plaintiff dismissed as to two of the defendants and left in her case, as the sole defendant, the Chicago, Burlington & Quincy Railroad Company, the respondent in the case now. After dismissing the two defendants from the case, the plaintiff then filed the following motion:

"Comes now the plaintiff in the above-entitled cause and first having been given leave of court, moves the court to strike from the answer of the Chicago, Burlington & Quincy Railroad Company, defendant herein, the following allegation which appears in paragraph three thereof, beginning with line 22 on page 2 and concluding with line 13 on page 4, consisting of the last 11 lines on page 2,

all of page 3, and the first 13 lines of page 4 (all of which appears above in black-face type).

"The ground for this motion is that said allegation is immaterial, incompetent and irrelevant to the cause of action stated in the petition, and that to permit it to continue in said answer will do this plaintiff an irreparable injury and produce a miscarriage of justice."

This motion was overruled, and plaintiff in open court declined to plead further, and judgment was entered for the defendant upon the pleadings and this failure of the plaintiff to plead further.

Motions to set aside such judgment and for new trial and in arrest of judgment were filed (it is said) and overruled. A part of the foregoing is objected to as not being within the record. There is an additional abstract of record by respondent. We can and will make clear respondent's position later.

By appellant (plaintiff below) it is said that the following is the portion of the answer attacked by the motion to strike out, supra:

"3. Further answering, this defendant says that the plaintiff, Effie Williams, is a minor, over the age of fourteen years, to-wit, the age of sixteen years, and a citizen of the State of Missouri, and a resident of Iron County, Missouri; that on, to-wit, June 7, 1922, A. C. Charlton, the father of said Effie Williams, duly presented an application to the probate court of said Iron County, Missouri, for the appointment of himself, the said A. C. Charlton, as guardian and curator of the person and estate of said Effie Williams, which said application said Effie Williams also signed, and in the same also requested the appointment of her said father as guardian and curator as aforesaid; that thereupon said probate court appointed said A. C. Charlton guardian and curator of the person and estate of said Effie Williams and made an order requiring the said A. C. Charlton to give bond in the sum of $5,500 for the faithful performance of his duties as such guardian and curator, which said bond said A. C. Charlton duly executed and which said bond was duly approved by said probate court and filed.

"That, thereafter, and on the 7th day of June, 1922, said A. C. Charlton, as guardian and curator as aforesaid of Effie Williams, duly presented to said probate court a petition in writing, representing to said court that one Elva Williams was the husband of said Effie Williams, and that said Elva Williams was killed in a collision between a truck upon which said Elva Williams was riding and an engine belonging to the defendant, Chicago, Burlington & Quincy Railroad Company, on or about the tracks of the defendant St. Louis Merchants' Bridge Terminal Railway Company, at Main and Tyler streets, in the city of St. Louis, Missouri, May 25, 1922. Said petition further states and alleges that the death of said Elva Williams was the result of negligence on the part of said defendants; that said

defendants had offered to pay in compromise of all claims for the death of said Elva Williams the sum of $2750. Said petition further recited that said A. C. Charlton, as guardian and curator as aforesaid, 'had carefully investigated the facts in connection with the death of the said Elva Williams, and is of the opinion that it would be to the best interests of said Effie Williams to accept said offer.' Said petition further prays the said probate court to permit said A. C. Charlton, guardian and curator as aforesaid, to settle the said claim for said sum and to release said defendants from said claim.

"That on said 7th day of June, 1922, said probate court, after hearing the evidence, duly made an order authorizing the said A. C. Charlton, guardian and curator as aforesaid, to settle said claim as prayed for in said petition.

"That on said 7th day of June, 1922, this defendant and the defendant St. Louis Merchants' Bridge Terminal Railway Company duly paid to A. C. Charlton, guardian and curator, as aforesaid, the sum of $2750, and thereupon said A. C. Charlton, guardian and curator aforesaid, duly signed and delivered to the defendants a release, a copy of which is herewith attached, and marked Exhibit A, releasing said defendants from all demands and causes of action for damages or penalty which accrued to said Effie Williams, by reason of the death of the said Elva Williams, whereby said cause of action, if any, the said Effie Williams had, has been fully satisfied and this defendant has been discharged of all liability."

The foregoing outlines the case, leaving for our disposition (1) the objections to plaintiffs' abstract of record, (2) the matters contained in respondent's additional abstract, and (3) the merits of appellant's contention, if the record is in shape to get to such contention.

I. At the very doorway of this case lies the question as to whether or not the motion filed by plaintiff to strike out a stated part of the answer is only a strict motion to strike, or is it, in effect and substance, a demurrer to the answer, or a defense stated in the answer? The portion of the answer, which appellant says was attacked by this motion, and which we have set out, supra, is in fact a plea of settlement and release of the cause of action stated in the petition. Not only is it a plea of settlement and release of the cause of action, but a settlement and release alleged to have been made under the direction and orders of the Probate Court of Iron County. In other words, the motion strikes at a complete pleaded defense to the action. It pleads a release by settlement as aforesaid. Respondent complains of certain words in parenthesis in the motion as printed in the abstract. These words "(all of which appears above in black-face type)" are evidently no

part of the original motion, and we hardly think counsel intended their use in the manner aforesaid, to be understood as evidencing these words as a part of their original motion. For the consideration of the point now in hand they could serve no useful purpose, and we shall proceed as if they were not so printed at all.

The question is does this motion rise to the dignity and position of a demurrer to this pleaded defense and to the answer? Had they assigned as a reason for the motion that such portion of the answer failed to plead facts sufficient to constitute any defense to plaintiff's action, we would say that this alleged motion to strike was in law and in fact a demurrer to that pleaded defense. In fact, aside from the general denial in paragraph 1 of the answer, it is the only defense in the case. The defense in paragraph 2 of the answer attacked the appointment of Wiley Williams as next friend on the ground that the application for the appointment of a next friend had not been signed by Effie Williams, but her name had been signed by the attorney bringing the suit.

The trial court heard this matter, on a motion filed by the present respondent, and permitted and directed Effie Williams to sign the application first filed, and proceed as if it had been done in the first instance. This is the motion to quash a notice to take depositions, which we have mentioned supra.

It will be recollected that the defendant refiled its original answer to the amended petition, but the matter contained in its paragraph 2 had been eliminated by the court's ruling, supra, before the refiling of the answer. On this ruling the defendant filed its term bill of exceptions, but it is not appealing now. So we repeat that there is now (1) a general denial, as shown by paragraph 1 of the answer, and (2) this defense as pleaded in paragraph 3 of the answer, and struck at by this motion. The answer is plainly paragraphed by the figures 1, 2, and 3.

The first thing that troubles us is the stated grounds of the motion. Ignoring brevity, we requote it thus: "The ground for this motion is that said allegation is *immaterial, incompetent* and *irrelevant* to the cause of action stated in the petition, and that to *permit it to continue* in said answer will do this plaintiff an irreparable injury and produce a miscarriage of justice."

Evidently this is not the usual language used in attacking a pleading by demurrer.

The second thing that troubles us is the precise rule for determining whether or not a motion to strike shall be taken and considered as a demurrer. Many of our cases say that the name given to a pleading does not necessarily determine its character—that its character will be determined by its contents and language. In Shohoney v.

Railroad, 231 Mo. l. c. 142 to 153, Judge LAMM, after a review of the case law, at page 153 said:

"But we have pursued the matter far. It is obvious from the views promulgated in the cases reviewed that if a motion to strike out is not essentially a demurrer, if it could not be dispositive of the case, it, with the exception to the ruling thereon and with the motion for a new trial bringing forward the alleged error for the final consideration of the trial court, must be preserved in a bill of exceptions or it cannot be considered on appeal. The motion in hand does not measure up to the standard of a demurrer; it did not go to the whole plea, the case could not have been disposed of on a ruling on that motion, some of the matter in the motion was not matter of demurrer but purely and simply matter of motion. Our conclusion is that if we were to rule on the point as learned counsel for defendant wish, we would carve out a new exception.

"By multiplying exceptions we, would unsettle the practice and confuse it. We rule, then, that the motion to strike out part of the replication is not here, because not appearing in any bill of exceptions, and because the motion for a new trial is in like fix. Not to exist and not to appear are the same thing (*Idem est non esse et non apparere*)."

In reaching this conclusion, he contravened two of his own previous rulings, in our judgment, and he practically says so in Shohoney's case. See comment on the Ewing and Hubbard cases near the bottom of page 150 of 231 Missouri. Those cases practically ruled that a so-called motion to strike could not serve the part of a demurrer. The learned judge promptly corrected his own opinions therein. As stated, supra, there were at least two defenses in defendant's answer, when this motion to strike was filed: (1) a general denial, which fully raised the question of liability, and (2) this paragraph 3 which was a plea of settlement and release of the cause of action. With an eye upon this status of the record, let us apply the rule, as finally announced in Shohoney's case. The case really made no new law, except to one participating therein, because one judge was not sitting and another (the present writer) concurred in the result. Personally we agreed to our brother's final conclusion on the rule we have involved here, but did not subscribe to all the reasoning upon another question discussed in the later portion of the opinion. We perhaps should have framed our concurrence differently. However, we say now that the rule announced by SMITH, P. J., in Barber Asphalt Paving Co. v. Benz, 81 Mo. App. l. c. 248 et seq., and the final conclusions of our learned Brother LAMM, 231 Mo. l. c. 153, quoted supra, announce the proper rule of determining whether a motion to strike rises to the dignity of a demurrer, or not. If the ruling upon the motion to strike is such that it is "dis-

positive of the case," as suggested by Judge LAMM, or as ruled by SMITH, P. J., supra, if the motion struck at the whole answer, it might be said to be in fact a demurrer. A ruling thereon could be "dispositive of the case" as said by Judge LAMM. The ruling upon this motion to strike does not dispose of the case, it matters not which way the ruling might be. If overruled (as it was) the case is not disposed of, because there were left two defenses, whereas there would have been left only one defense had the motion been sustained. In other words, even had the plaintiff secured all she desired by her motion, there was a lawsuit left for her to try. No ruling upon the motion would finally dispose of the case. On this situation, SMITH, P. J., in Paving Co. v. Benz, 81 Mo. App. 1. c. 248-249, says:

"But where, as here, the motion and order thereon only go to a part of the allegations of the answer and those remaining untouched tender one or more issues, then the ruling of the court is a matter of exception only, and is not the subject of review unless the defendant's bill of exceptions shows that he not only duly excepted thereto but that he subsequently, in his motion for a new trial, assigned such ruling as one of the grounds therefor and duly excepted to the action of the court in overruling the same."

This met our approval in the Shohoney case, supra. Measured by this rule this motion to strike did not measure up to the status of a demurrer.

But we feel that we must go further, and rule that the very language of the motion, requoted above, precludes any ruling to the effect that *in substance it is a demurrer,* although labeled a motion to strike out one defense of an answer. The language used is so foreign to the language of a demurrer, that this of itself precludes us from saying that it in effect is a demurrer and therefore need not be preserved by motion for new trial in a bill of exceptions.

II. Our views, supra, brings us to the critical status of this appeal, in so far as appellant is concerned. The plaintiff in the case, brought in St. Louis, and here on this appeal, although married, was just over sixteen years of age. Before going to Iron County to bury her husband, she directed her counsel to bring this suit, and it was brought. A claim agent of defendant followed the widow and the corpse to Iron County, and the place of burial. Apparently his diligence brought about the facts pleaded in paragraph 3 of the answer, supra. The odor of the transaction is not that of the rose. It was the act of an over-zealous, if not unscrupulous, claim agent, to head off the result of the St. Louis lawsuit. He may have been assisted by the father of plaintiff (the appointed curator and guardian of the plaintiff in the Probate Court

of Iron County) in a contest between himself, and Wiley Williams (father of the deceased husband) the next friend of the plaintiff in the instant case. So, we repeat again, that the transaction does not bear the odor of the rose. We wish it were in shape for full consideration.

But plaintiff is in this unfortunate shape, on the record before us. There is no bill of exceptions in the record at all. The ruling of the trial court on her motion to strike out was not called to the attention of the trial court by a motion for a new trial. After judgment was entered the record shows the filing of a motion for new trial, and such a document is printed in the so-called record, but this motion does not mention the ruling upon plaintiff's motion to strike out. This motion for new trial is not before us, because it was never preserved in a bill of exceptions. Appellant has no bill of exceptions of any kind here. We have only the record proper before us. We cannot review the ruling upon the motion to strike out, because it is in neither a motion for new trial nor a bill of exceptions. We cannot review the complaints as to the motions for a new trial and in arrest of judgment, shown to have been filed, but likewise shown (by the record) not to have been preserved by a bill of exceptions. The record which we can consider we discuss later.

III. Appellant does not set out the judgment in her abstract, but states her conception of the substance. By additional abstract the respondent sets out the judgment in full. That we may have the complete record proper before us we give such judgment, as follows:
"Monday, November 10, 1924.

"It is ordered by the court that this cause be assigned to Division Number 1.

"Now at this day comes the plaintiff by her next friend and by attorney, and upon her motion it is ordered by the court that this cause be and the same is hereby dismissed as to the defendants, St. Louis Merchants Bridge Terminal Railroad Association, a corporation, and William F. Wittrock; thereupon plaintiff by leave of court first had and obtained withdraws her reply to the answer of the defendant Chicago, Burlington & Quincy Railroad Company, a corporation, heretofore filed herein, and plaintiff by leave of court first had and obtained files a motion to strike out parts of answer of defendant Chicago, Burlington & Quincy Railroad Company, a corporation, and the court having heard and duly considered the same doth order that said motion be and the same is hereby overruled; thereupon plaintiff in open court declining to plead further, it is ordered by the court that final judgment be rendered on the pleadings in favor of the defendant C. B. & Q.

"Wherefore, it is considered and adjudged by the court that the plaintiff take nothing by her suit in this behalf, that the defendant Chicago, Burlington & Quincy Railroad Company, a corporation, be discharged, go hence without day and recover of the plaintiff and her next friend, the costs of this suit, and have therefor execution."

We have stated the character of the petition and answer, and those with the judgment, supra, constitute the record proper. The effect of our ruling, supra, as to the motion to strike, is that it never challenged the sufficiency of the facts pleaded in paragraph 3 of the answer, to state a valid defense. The trial court could not have passed upon that question, because not presented by the motion to strike. It is therefore an open question upon the face of the record proper. We mean that no court has determined it. The statute relied upon by respondent is Revised Statutes 1919, Section 1236, which reads:

"If the answer contain a statement of new matter, and the plaintiff fail to reply or demur thereto within the time prescribed by the rule or order of court, the defendant shall have such judgment as he is entitled to upon such statement; and if the case require it, a writ of inquiry of damages may issue."

Note this statute says if the answer contains *new matter*, then the plaintiff shall reply or demur, or failing to do either, judgment shall go in favor of defendant. It first occurred to us, that if such new matter (being a part of the record proper) showed upon its face that it constituted no defense to the action pleaded in the petition, we could say that the judgment entered was erroneous on the face of the record proper, and should be reversed. We wish it were so, because, to be frank, we do not like the doings in this case.

We must go to this statute (Sec. 1236) for the meaning of *"new matter,"* as used in the law. If "new matter" meant matter which constituted a valid defense to the action pleaded, then we might say that there was no such new matter pleaded in the answer, and a judgment entered thereon would not be proper on the record. We could say in this case that the record proper shows that the Circuit Court of the City of St. Louis, through a next friend appointed for plaintiff by it, acquired jurisdiction over the cause of action, and no other court proceeding thereafter could by its judgment effect the right of the circuit court to proceed to final judgment. But Section 1236, supra, clearly shows that the new matter referred to therein may be new matter which would be the subject of demurrer, i. e. "new matter" which in law might not state a defense. This is made clear because the failure to either *reply* or *demur* entitles the defendant to a judgment. Plaintiff did not reply, and what she did file was not a demurrer. The statute seems to contemplate that sufficiency of

the new matter must be tested on demurrer in the court *nisi,* and not on the face of the record here.

Under an old statute much like Section 1236, supra, in an early case this question of "new matter" in the answer came up, and in Moore v. Sauborin, 42 Mo. 1. c. 495, whereat FAGG, J., said:

"We are not called upon to scrutinize very closely the averment of this new matter. *There was no demurrer to it.* The object evidently was to set up such a settlement or compromise of the whole matter, made between the parties at the time of their appearance before the justice, as amounted to a release of the defendant from all liability on account of the prosecution that had been instituted against the plaintiff. This, if true, was a defense to the action. Without a reply, it stood confessed upon the record and entitled the defendant to a judgment." [See also Bird v. Rowell, 180 Mo. App. 1. c. 427, and Ennis v. Hogan, 47 Mo. 513.]

The statute (Sec. 1236, supra) seems to contemplate that the legal effect of the allegations should be determined upon demurrer, and a failure so to do entitles the defendant to judgment, unless issue is made by reply. We see no way, in the state of the record before us, by which the judgment entered can be disturbed. It is therefore adjudged that the judgment entered *nisi* be affirmed.

PER CURIAM:—The opinion of *Graves, P. J.,* in Division One of the court, is adopted by the Court en Banc. *Ragland, J.,* concurs in a separate opinion; *Walker, C. J.,* concurs; *White, Blair* and *Gantt, JJ.,* concur in the result of the opinion of *Graves, P. J.,* and concur in the separate concurring opinion of *Ragland, J.; Atwood, J.,* dissents.

RAGLAND, J., (concurring).—I am of the opinion that the third paragraph of the answer not only states a good defense to plaintiff's cause of action, but that it does not disclose any encroachment on the jurisdiction which the circuit court possessed. I am of the further opinion that the record does not warrant criticism of the defendant's claim department. For these reasons I concur merely in the affirmance of the judgment. *Blair, Gantt* and *White, JJ.,* concur in these views.