ANNA SYZ ET. AL. v. MILK WAGON DRIVERS' UNION, LOCAL 603, Appellant.—18 S. W. (2d) 441.

Division One, June 7, 1929.

*Anderson & Whittington* for appellant.

*Joseph Barkon* and *John B. Reno* for respondents.

ELLISON, C.—The suit is for a death benefit alleged to be due and payable under the by-laws of the defendant labor union on the demise of Ernst Syz, deceased, one of its members. The verdict and judgment were for plaintiffs for the full amount with interest, $656.92, and the defendant appeals to this court on the theory that a constitutional question is involved. As we have concluded the record

presents no such question, and that point is determinative of our jurisdiction, we shall limit ourselves to a statement of the facts bearing thereon.

The petition charges, among other things, that the appellant union is "a fraternal beneficiary society known as the Milk Wagon Drivers' Union, Local 603, a voluntary and unincorporated association or organization doing business in said name and style in the city of St. Louis, Missouri;" and that it insured the life of Ernst Syz, on certain pleaded considerations and conditions, in the sum of $500 payable on notice of his death.

Summons was issued and returned showing service on "the within named defendant, Milk Wagon Drivers' Union Local 603 (a voluntary association)." The appellant appeared specially and filed its motion to quash the writ of summons and return on the ground that it (the Union) is an unincorporated, voluntary association and as such can neither sue nor be sued in the courts of this State; and for the further reason that the courts have no jurisdiction to enter any judgment or order against it and no jurisdiction over it, because that part of Section 1186, Revised Statutes 1919, added by amendment by Laws 1915, page 225, purporting to authorize judgment against voluntary associations is unconstitutional as in conflict with Section 28, Article 4, of the State Constitution, in that said act contains more than one subject and the title fails to reflect the subject-matter. The constitutionality of the statute was challenged on other grounds also, but we need not state them. They must all stand or fall together.

This motion to quash was overruled at the December term, 1923, of the court, and the appellant saved its exception and filed a term bill. Thereafter, the appellant filed a special demurrer to the plaintiffs' petition specifically raising the same points. This demurrer was overruled, and the appellant saved an exception. The appellant then filed an answer containing a general denial and specifically questioning the right of the respondent Anna Syz to prosecute the suit as administratrix (the action was originally brought in her name as such), and also setting up as grounds of defense the constitutional objections heretofore mentioned. On respondents' motion these latter allegations were stricken from the answer during the April term, 1924, of the circuit court, and the defendant filed a term bill of exceptions. This left the answer containing thereafter only the general denial and the attack on the executrix's right to sue.

During the trial, which followed presently at a succeeding term, the appellant did not raise the constitutional questions theretofore urged. They were not mentioned, directly or indirectly. No objection of any kind was interposed to the introduction of evidence un-

der the petition, or when the by-laws of the Union were put in evidence. At the close of the respondents' case, however, the appellant requested an instruction in the nature of a demurrer as follows:

"The court instructs the jury that under the pleadings and evidence offered on the part of the plaintiff in this case, the plaintiff is not entitled to recover, and your verdict must be in favor of the defendant."

The peremptory instruction was refused and the appellant declined to proceed further or, at least, asked no other instructions. The court gave two instructions for respondents, and the cause was submitted to the jury with the result aforesaid. Thereafter, in due time, the defendant filed its motion for new trial. This motion specifically assigns no error on any constitutional grounds whatever and does not refer to the overruling of the motion to quash the summons and sheriff's return, or to the overruling of the demurrer, or to the sustaining of the plaintiffs' motion to strike from the answer the constitutional defenses heretofore mentioned. It does complain of the refusal of the peremptory instruction and charges the verdict is against the law under the evidence and not responsive to the pleadings. The other assignments are all addressed to matters having nothing to do with the constitutional questions.

We may add, parenthetically, that the appeal was sued out on January 27, 1926, which was before this court en banc decided the case of Mayes v. United Garment Workers, 320 Mo. 10, 6 S. W. (2d) 333, on May 18, 1928, and before the divisional opinion therein was filed on April 9, 1927. In that case it was ruled, in harmony with appellant's present contention, that Section 1186, Revised Statutes 1919, is unconstitutional insofar as it purports to make voluntary associations suable entities—that is to authorize judgment against them.

I. Under the record as outlined above no constitutional question is preserved for review by this court. The appellant's motion to quash the writ of summons and sheriff's return, and the ruling of the court thereon, were *matters of exception* (as appellant's counsel seem to have recognized, judging from the fact that they were preserved in a term bill of exceptions). [School District v. Holmes, 53 Mo. App.  487, 491; Keet & Roundtree Dry Goods Co. v. Williams (Sup. Ct. App.), 202 S. W. 620, 621; City of Tarkio v. Clark, 186 Mo. 285, 293, 85 S. W. 329, 330; Shohoney v. Q. O. & K. C. Railroad Co., 231 Mo. 131, 152, 132 S. W. 1059, 1064; State v. Turner (Mo. Div. 2), 273 S. W. 739, 740.]

So, also, the respondents' motion to strike out *part* of the appellant's answer—the part setting up the constitutional defenses—together with the court order sustaining the motion and appellant's exception thereto, were all matters of exception (and likewise protected by a term bill of exceptions). [Williams v. C. B. & Q. Railroad Co. (Ct. en Banc), 320 Mo. 46, 6 S. W. (2d) 929, 931; Dickey v. Webster County, 318 Mo. 821, 825, 300 S. W. 1086.]

It is the law that matters of exception cannot be considered on appeal unless they have first been brought to the attention of the trial court by a motion for a new trial; and this is true notwithstanding they have been incorporated in a bill of exceptions presented to and allowed by the trial court or judge. A bill of exceptions is addressed to the appellate court; a motion for a new trial to the trial court, and its purpose is to afford that court an opportunity to correct its own errors. [Coffey v. City of Carthage, 200 Mo. 616, 629, 98 S. W. 562, 566; Leahy v. Mercantile Trust Co., 296 Mo. 561, 585, 247 S. W. 396, 401.]

The motion for a new trial in this case did not refer to these previous motions and the rulings thereon in any way. This being so, they are not before this court.

II. As to the demurrer to the petition. If the appellant had *stood* on its demurrer and been cast, and then had appealed, the demurrer and the ruling thereon would have been parts of the record proper and would have been subject to review here, though not covered by a motion for new trial. [City of Tarkio v. Clark, supra, 186 Mo. l. c. 293-4, 85 S. W. l. c. 330; Diener v. Star-Chronicle Pub. Co., 230 Mo. 613, 619-620, 132 S. W. 1143, 1145; Shohoney v. Q. O. & K. C. Railroad Co., supra, 231 Mo. l. c. 148-9, 132 S. W. l. c. 1064; Jeude v. Sims, 258 Mo. 26, 46, 166 S. W. 1048, 1054; State ex rel. v. Ellison, 266 Mo. 423, 430, 181 S. W. 998, 1000.]

But the appellant did not stand on the demurrer. It pleaded over and went to trial. This waived the demurrer, State ex rel. v. Reynolds, 287 Mo. 697, 707, 230 S. W. 642, 644; and left that particular pleading standing in the record presenting no issue and serving no purpose unless its mere presence there was of value as showing the constitutional questions had been early propounded.

III. The foregoing disposes of the three attacks (or defenses) specifically made by appellant on constitutional grounds. But we wish to carry further the thought of the last paragraph. Suppose

we were at liberty to say now the constitutional questions were lodged in the case by one or another of the two motions and the demurrer referred to; it would still be necessary for the record to show they had been kept alive thereafter. [Lavelle v. Met. Life Ins. Co. (Mo. Div. 2), 231 S. W. 616; Interstate Ry. Co. v. Mo. Riv. & C. Railroad Co., 251 Mo. 707, 720, 158 S. W. 349, 353; Shohoney v. Q. O. & K. C. Railroad Co., supra, 231 Mo. 1. c. 147, 132 S. W. 1. c. 1064.]

This was not done. After the court sustained the respondents' motion to strike the constitutional defenses from appellant's answer, they were never mentioned again. When the respondents started to introduce evidence under their petition the appellant could have objected on the ground that it was not suable and that the provisions of Section 1186, Revised Statutes 1919, to the contrary were unconstitutional for the several reasons earlier suggested; but it did not. When the by-laws of the Union were introduced, showing the structure of the organization, the same objection could have been made; but it was not.

And finally at the end of the trial the appellant could have asked a peremptory instruction on the same theory, but it did not do that. The instruction which was asked said that under the *pleadings* and the respondents' evidence the respondent could not recover. Now the pleadings were the respondents' petition and the appellant's answer *shorn* of constitutional defenses. These did not raise a constitutional question, and neither did the evidence or the objections thereto. If we mistake not the Constitution is not referred to throughout the whole transcript of the evidence.

Finally, the motion for new trial sets up no constitutional assignments, as should have been done—certainly since this defense was based partly if not wholly on matters of exception. [Kircher v. Evers (Mo. Div. 1), 238 S. W. 1086; Deming v. City of Springfield (Mo. Div. 2), 217 S. W. 27; Miller v. Connor, 250 Mo. 677, 684, 157 S. W. 81, 83-4; Street v. St. Joseph School Dist., 221 Mo. 663, 671, 120 S. W. 1159, 1162; Shell v. Mo. Pac. Ry. Co., 202 Mo. 339, 100 S. W. 617; State v. Grant, 194 Mo. 364, 92 S. W. 698.]

We have already called attention to the fact that the motion for new trial did not refer to the motions and demurrer by which alone the constitutional questions were specifically raised. The complaint that the peremptory instruction had been refused did not raise a constitutional question—if for no other reason than because the instruction itself did not; and the assignments that the verdict was against the law under the evidence and not responsive to the pleadings were too vague and general. To raise a constitutional question a party must point to the specific provision of the constitution

claimed to have been violated. [City of St. Joseph v. Georgetown Lodge (Mo. Div. 1), 8 S. W. (2d) 979, 981.] And while it may not be necessary for a motion for new trial again to bring the question before the trial court with the same degree of particularity that was required to invoke it in the first instance, yet the motion must either specifically refer to the constitutional point or else specifically refer to the motion, pleading, objection or instruction, etc., by which it was duly put in the case, in such manner that the question is definitely and unmistakably raised. The prevailing and safer practice, as appears from the several cases last cited above, is to mention the constitutional point specifically.

IV. There is one case, McGrew v. Mo. Pac. Ry. Co., 230 Mo. 496, 511, 612, 132 S. W. 1076, 1079, 1113-4, which says that when a plaintiff's cause of action is founded upon a statute, the constitutionality of the statute is involved throughout the proceeding, and the defendant at any time and in any court—even for the first time in the appellate court—may challenge the petition as failing to state a cause of action on the ground that the statute supporting it is unconstitutional. This seems counter to the proposition that a constitutional question must be timely raised and kept alive and that our jurisdiction is governed by the record made below, as stated earlier in this opinion. The McGrew case, however, has been overruled on the main point decided therein, by another banc case, McGrew Coal Co. v. Mellon, 315 Mo. 798, 287 S. W. 450; and the holding thereof on the constitutional proposition above stated was criticised and disregarded by Division Two of this court in Strother v. A. T. & S. F. Ry. Co., 274 Mo. 272, 281, 203 S. W. 207; and the Strother case has since been followed in banc, Newman v. John Hancock Life Ins. Co., 316 Mo. 454, 455, 290 S. W. 133.

But, anyway, the McGrew case is distinguishable from this case. The question of the timely raising of a constitutional point as bearing on *appellate jurisdiction* was not there considered. One litigant advanced certain constitutional propositions for the first time in the Supreme Court and the other argued they could not be entertained because that would allow a *change from the trial theory.* This court ruled it would pass on them because (1) they raised a question whether the petition stated a cause of action, four of the judges said: (2) and because they struck at the foundation of the action, which was purely statutory, and it was impossible to determine the cause without deciding them, three of the judges said. The jurisdiction of this court was *assumed*—as the Strother case remarks—and the fact was overlooked that appellate jurisdiction is dependent on the state

of the record as coming from the trial court. [McGregory v. Gaskill, 317 Mo. 122, 125, 296 S. W. 123, 125.]

The law on the point is well stated in State ex rel. Horton v. Bland, 186 Mo. 691, 701, 85 S. W. 561-564, a banc case, quoting from Brown v. M. K. & T. Ry. Co., 175 Mo. 185, 188, 74 S. W. 973, 974:

" 'In short, a constitutional question must be raised before it can be involved, and, if it is not involved, then the decision of the case can decide no such question. In this respect a constitutional question differs from a jurisdictional question which can be raised for the first time in an appellate court. A party can waive a constitutional question by not raising it, for instance, but he cannot waive the jurisdictional question, even expressly.'

"There is only one other way in which a constitutional question can be involved in a case, and that is where the case is such that no judgment can be rendered in the case without passing upon a constitutional question." [On this latter point see, also, State ex rel. Schuler v. Nolte, 315 Mo. 84, 91, 285 S. W. 501, 503, another banc case.]

The above quotation does not mean that when a constitutional point is necessarily involved it may be raised in the appellate court for the first time. On the contrary, the thought is that if the decision of a constitutional question be necessary to the determination of a case it will be assumed the *trial court did pass on it* though it was not specifically and in terms injected as an issue. This is apparent from the Missouri decisions cited in the McGrew case, the Horton case and the Schuler case, supra, which are State ex rel. Curtice v. Smith, 177 Mo. 69, 94, 75 S. W. 625, 632; Kirkwood v. Meramec Highlands Co., 160 Mo. 111, 118, 60 S. W. 1072, 1074; State ex rel. v. Smith, 152 Mo. 444, 54 S. W. 218; State ex rel. v. Smith, 141 Mo. 1, 10, 41 S. W. 906.

Moreover, the mere circumstance that a cause of action or defense is based on a statute does not mean that a constitutional question is *necessarily* involved, even though the statute be open to attack on constitutional grounds if the point is properly raised. For, as said in the Horton case, supra, the court can simply decide the case on the statute without inquiring into its constitutionality.

In the instant case, the record does not show a constitutional question was presented in such manner as to make it open to review here. Neither is it a case in which no judgment could have been rendered without passing on a constitutional question.

For these reasons this court is without appellate jurisdiction and the cause is transferred to the St. Louis Court of Appeals. *Lindsay* and *Seddon, CC.,* concur.

PER CURIAM:—The foregoing opinion by Ellison, C., is adopted as the opinion of the court. All of the judges concur, except *Frank, J.,* not sitting.