JOHN A. HOGAN, Appellant, v. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation.—62 S. W. (2d) 856.

Court en Banc, August 23, 1933.

*Buchholz & O'Donnell* for appellant.

*Charles L. Carr* and *Watson, Ess, Groner, Barnett & Whittaker* for respondent.

ATWOOD, J.—This is an appeal from a judgment rendered November 8, 1929, upon a verdict returned for defendant in an action for damages on account of personal injuries alleged to have been sustained by police officer John A. Hogan in a collision between an automobile then being used as a police patrol and a street car owned by the Kansas City Railways Company and then being operated by its receivers. After this action was commenced the Kansas City Public Service Company, respondent herein, purchased the property of said railways company at judicial sale and assumed the liability sued on.

The points urged on this appeal are that the trial court erred (1) "in orally instructing the jury on a point of law arising in the case and in orally explaining the written Instruction P-3, as modified;" (2) in giving instruction marked D-6; and (3) in refusing to

reinstate the judgment of the trial court of February 18, 1925, which judgment was reversed by this court on a former appeal.

With reference to the giving of Instruction P-3, we quote as follows from appellant's abstract of the record:

"P-3

"The court instructs the jury that the ordinance introduced in evidence applied to ordinary traffic by vehicles and street cars and did not regulate the movements of patrol wagons of the kind mentioned in evidence while answering emergency calls, if he was, in Kansas City, Missouri, at the time of the collision, as to speed or the part of the street traveled on.

(Given.)

"The words, 'if he was,' interlined in the above instruction were inserted by the court at the time of the reading of said instruction to the jury, at which time the following occurred between the court and counsel in reference to this amendment of said instruction:

"During the course of the reading of the instruction to the jury, and while the court was reading instruction—plaintiff's given Instruction P-3—the court paused when he came to the word 'emergency' near the end of the fifth line and inserted the words, 'if he was.'

"Then the following occurred:

"THE COURT: Gentlemen, I shall reread the instruction to you with the correction made. (The court then read Instruction P-3 as corrected.)

"THE COURT: Now the reason is this. You might have assumed I was telling you if they were not on an emergency call—which was far from my intention, so I just put in the words 'if he was'—(reading from instruction) 'and did not regulate the movements of patrol wagons of the kind mentioned in evidence while answering emergency calls—if he was'—it will be for you to decide whether he was.

"MR. O'DONNELL: I am excepting to the remarks of the court."

██ In the points listed and urged in their main brief counsel for appellant suggest no attack upon the giving of this written instruction as modified by the court in writing, but in their reply brief they say that the instruction as thus modified "was erroneous, as well as before modification." Even if this be true it was invited error of which plaintiff will not be heard to complain. If, as appellant now says, inclusion of the words "while answering emergency calls" in the instruction as offered was erroneous because it was "more favorable to defendant than the law required," nevertheless, it was his own error and being offered in a form that suggested an assumption of a fact thus treated as in issue it invited the court to make the existence of this fact definitely a question for the jury.

██ Coming now to the first point above stated as urged by ap-

pellant, counsel insist that the comments of the trial court were contrary to the provision of Section 967, Revised Statutes 1929, requiring that instructions given by the court "shall be in writing," and contrary to certain decisions of this court condemning oral explanations or comments of the trial court to the jury with reference to written instructions given. Counsel for respondent say that no such point was raised in plaintiff's motion for a new trial, while in appellant's behalf it is urged that the alleged error was sufficiently brought to the court's attention by the fourth assignment in the motion for a new trial, which is as follows: "Because the court erred in giving each and every instruction given to the jury by the court of its own motion." This assignment is in the stereotyped form used to designate error in the substance of an instruction. It contains no suggestion of any exception taken to the oral manner of instructing, which is the contention now before us and made for the first time on appeal. It is trite law that before this court can review an alleged error the attention of the trial court must be called thereto by a motion for a new trial. [Brainard v. Ry. Co., 319 Mo. 890, 898, 5 S. W. (2d) 15; State ex rel. Howard County v. Burckhartt et al., 83 Mo. 430, 433.] It is, therefore, unnecessary for us to determine whether the trial court's comments explaining why plaintiff's requested Instruction P-3 was modified and given in its modified form amounted to an oral instruction to the jury, and appellant's claim that these comments constituted reversible error must be overruled.

Instruction D-6, given at defendant's request and now urged as reversibly erroneous, is as follows:

"The court instructs the jury that if you find and believe from the evidence in this case that plaintiff was a sergeant and ranking officer over the driver, Pyeatt, at and just prior to the happening of the collision in question, and that the plaintiff had the authority to direct the speed of the patrol wagon, if you so find, and if you further find that without remonstrance or objection the plaintiff suffered and permitted the driver of the police patrol in question, at and just prior to the time and place of the collision, to drive said patrol wagon at a high, dangerous and reckless and unnecessary rate of speed, if you so find, and if you further find that the excessive speed, if any, of the patrol wagon in question was negligent under the facts and circumstances in this case, and, if so, was the proximate cause of the collision, and that as a direct result thereof the collision occurred, then you are instructed that plaintiff was guilty of negligence contributing to cause his injuries, and he cannot recover because of any alleged violation of any city ordinance read in evidence or because of any alleged violation of any alleged general custom."

Appellant claims that this instruction was in conflict with plaintiff's given Instruction A and was a comment on the evidence of de-

fendant. Instruction A was plaintiff's requested instruction setting forth his pleaded theory of recovery under the humanitarian rule and upon a finding of the facts therein hypothesized it directed a verdict for plaintiff even though the jury might "believe and find from the evidence that the plaintiff was guilty of negligence." Instruction D-6 set forth defendant's pleaded theory of plaintiff's own negligence as the direct cause of his injuries and advised the jury that upon a finding of the facts therein hypothesized plaintiff could not recover "because of any alleged violation of any city ordinance read in evidence or because of any alleged violation of any alleged general custom." The giving of these two instructions engendered no conflict, and the facts hypothesized in Instruction D-6 were not an improper comment upon defendant's evidence because they comprised only such as were necessary to submit defendant's theory of this phase of the case under the pleadings and proof. [Irons v. Am. Ry. Express Co., 318 Mo. 318, 330, 300 S. W. 283.]

Preliminary to ruling appellant's third point above noted it should be observed that this cause first reached us on appeal from a verdict and judgment rendered thereon for plaintiff on February 18, 1925, in the sum of $15,000. This judgment was reversed and the cause remanded for refusal of a requested instruction as to the meaning of an ordinance admitted in evidence. [Hogan v. Fleming et al., 297 S. W. 404, 317 Mo. 524.] Amended pleadings were thereupon filed and a retrial had at the November Term, 1927, resulting in a verdict and judgment for defendant from which plaintiff appealed. This judgment was here reversed on several assignments of error and the cause again remanded for a new trial. [Hogan v. Kansas City Public Service Co., 19 S. W. (2d) 707, 322 Mo. 1103.] When the case again came on for trial November 6, 1929, counsel for plaintiff filed a motion to reinstate the judgment previously rendered for plaintiff in that court and by this court reversed as aforesaid. This motion in substance presented the contention that on the second appeal this court held that the giving of the same instruction, for the refusal of which the judgment was reversed on the first appeal, was erroneous; that the same ordinance and issues were involved in both trials, and that on the face of our decision on the second appeal our ruling on the first appeal wrongfully deprived plaintiff of his judgment. This motion was on the same day heard, considered and overruled, plaintiff excepting thereto, and after trial on the merits commenced on the same day plaintiff preserved said exception in a term bill duly allowed on November 30, 1929, and incorporated in the bill of exceptions duly filed and here shown in appellant's abstract of the record.

■■ Plaintiff's motion for a new trial in this case did not refer in any way to the above motion or the ruling thereon which were matters of exception and apparently so recognized by plaintiff's coun-

sel in preserving them in a term bill of exceptions. The applicable doctrine is thus well stated in Syz et al. v. Milk Wagon Drivers' Union, 18 S. W. (2d) 441, 443, 323 Mo. 130: "It is the law that matters of exception cannot be considered on appeal, unless they have first been brought to the attention of the trial court by a motion for a new trial; and this is true, notwithstanding they have been incorporated in a bill of exceptions presented to and allowed by the trial court or judge. A bill of exceptions is addressed to the appellate court, a motion for a new trial to the trial court, and its purpose is to afford that court an opportunity to correct its own errors." Counsel for appellant in reply say: "A motion for new trial is not necessary to the perfection of an appeal from an order disposing of a motion of the kind in question. [Harrison v. Slaton, 49 S. W. (2d) 31; Ford v. Ford, 24 S. W. (2d) 990.] And as an appeal could not be taken until the final judgment was rendered, the appeal from the overruling order was timely." We find no such holding in either of the cases cited. The opinion in the Harrison case shows (1. c. 34) that when the motion to set aside the judgment was overruled motions for a new trial and in arrest of judgment were filed and overruled and appeal was thereupon taken from the court's order overruling the motion to set aside judgment. The opinion in the Ford case holds that according to the record the appeal was not taken from the court's order overruling the motion to set aside the judgment, and the appeal was dismissed on that ground without any reference to motion for a new trial. In the instant case the record shows that the appeal was taken not from the court's order overruling plaintiff's motion to reinstate the judgment but from the court's judgment rendered on the verdict then returned in the case. Counsel admit that the order overruling this motion was not a final judgment from which an appeal could have been taken, and it was never treated by either party as an independent proceeding. However novel the question and erudite its presentation we are precluded from considering it as a ground of appeal.

Finally, counsel for appellant say that a similar motion to reinstate the judgment of February 18, 1925, was filed in this court and has never been disposed of. The second appeal was first heard in Division One of this court and the court's opinion therein was written by Commissioner ELLISON and adopted and filed on December 31. 1928. On January 28, 1929, counsel for appellant filed "Motion to Modify Opinion and Judgment Herein and to Set Aside Judgment Reversing and Remanding this Cause on June 25, 1927, and to Affirm Judgment then Reversed," which is the motion here referred to. The motion was taken with the case and thereafter the cause was transferred to court in banc where all matters, including the contentions made in this motion, were fully briefed, argued and finally submitted.

and upon consideration of the same the opinion written by Commissioner ELLISON in Division One was adopted as the opinion of the court in banc. The necessary effect of this action was a disposition of the motion adverse to appellant's contentions. Any suggestion that we now reopen the matter is in the nature of an extremely belated motion for a rehearing and should be disregarded.

For the reasons stated the judgment is affirmed. All concur.