ORVILLE SHANKS, APPELLANT, v. ST. JOSEPH FINANCE & LOAN COMPANY, A CORPORATION, RESPONDENT.—170 S. W. (2d) 135.

Kansas City Court of Appeals. April 5, 1943.

*Horace Merritt* and *W. C. Meyer* for appellant.

*Roy McKittrick,* Attorney-General, and *Covell R. Hewitt,* Assistant Attorney-General, for Amicus Curiae.

No brief for appellant.

*Alva F. Lindsay, David B. Lichtenstein, R. Bruce Snow* and *George L. Gisler* for respondent.

1052

1053

BOYER, C.—Plaintiff sued to recover actual and punitive damages for the alleged wrongful and malicious invasion of his home and the seizure and conversion of his property. The trial before a jury resulted in a verdict and judgment for defendant, from which said judgment plaintiff took an appeal to the Supreme Court on the theory that a constitutional question was involved. The court ruled that no such question had been preserved for review and transferred the case to this court. The opinion is reported in 163 S. W. (2d) 1017. Pronouncements of the court in that opinion, incidental to the determination of the question of appellate jurisdiction, have made it obvious, if not conclusive, that the assignments of error made on this appeal are not properly here for review. This court is in effect furnished a ready-made opinion and a determination of questions that would dispose of the appeal and result in an affirmance of the judgment.

The character of the abstract furnished on appeal, the contents of the petition, the motion of defendant to strike out of the petition certain paragraphs by which plaintiff sought to raise a constitutional

question, the action of the court in sustaining such motion, the filing of a term bill of exceptions thereto, that no final bill of exceptions preserving the motion for a new trial and exceptions to the ruling of the court thereon was filed, that plaintiff seeks to present the appeal on the record proper and sets out as a part of said record instructions given and refused, exceptions thereto, the motion for new trial, the overruling of said motion and plaintiff's exception, are all shown in the opinion to which reference has been made. A restatement of such facts would be useless iteration.

Appellant presents a formal assignment of errors. It covers only the alleged error of the court in sustaining the motion to strike out the allegations as to unconstitutionality of the law under which the respondent is doing business; the refusal of the court to grant instructions requested by plaintiff; and the giving of an instruction requested by defendant. The abstract, as heretofore indicated, sets forth the instructions given and refused, the motion for new trial, and the action of the court in reference to said instructions and said motion, and plaintiff's exception as though constituting a part of the record proper. The rulings of the trial court upon the motion to strike and in reference to the granting and refusal of instructions were all matters of exception. To render the rulings of the court in reference to such matters reviewable on appeal they must be preserved by a final bill of exceptions showing that all claimed errors in such rulings, and exceptions thereto, were called to the attention of the court in a motion for new trial. The motion for new trial, the ruling of the court thereon, and exception thereto must also be preserved in the bill of exceptions. The mere filing of a term bill of exceptions, showing the petition, the motion to strike, the ruling on the motion, and exception thereto, does not suffice for the review of an exception which is not presented to the trial court in the motion for a new trial. [Syz v. Milk Wagon Drivers' Union, 323 Mo. 130, 18 S. W. (2d) 441.] Furthermore, as pointed out in the opinion of the Supreme Court, the motion for a new trial, if correctly preserved, does not allege the ruling of the court on the motion to strike as a ground for said motion and no mention of such ruling is made.

No assignment of error is properly here for review. Section 1227, Revised Statutes Missouri 1939, provides that: "No exceptions shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by such court."

In the absence of a final bill of exceptions there is no basis for the assignment of errors made in this case. Appellant having failed to show reversible error, the judgment of the trial court should be affirmed. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.