## SHAW v. GOLDMAN et al., Appellants.

### Division One, July 1, 1904.

1. **APPELLATE JURISDICTION: Constitutional Question.** In order to give the Supreme Court jurisdiction of the appeal on the ground that a constitutional question was involved, the precise provisions of the Constitution which it is claimed were denied to the appellant, must have been pointed out in the trial court. A general statement that an ordinance or statute is unconstitutional will not suffice.

2. ———: ———: **Nine-Jury Law.** An exception to an instruction given by the trial court that nine of the jury can render a verdict in a civil case, and a charge in the motions for a new trial and in arrest, that the amendment permitting three-fourths of the jury in a civil case to render a verdict, "was never legally adopted by the people of the State," without any attempt to show that it was not so adopted, do not so raise the constitutionality of that amendment as to give the Supreme Court jurisdiction of the appeal.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Seneca N. & S. C. Taylor* for appellants.

*John J. O'Connor* for respondent.

MARSHALL, J.—This is an action for ten thousand dollars damages, for personal injuries alleged to have been sustained by the plaintiff, from falling into an elevator-well on the defendant's premises, No. 1102 Olive Street, St. Louis, on the sixteenth of December, 1901.

The petition alleges that the elevator is in a small room in the rear of No. 1102, and is separated from the front of the store by a partition, in which there is a swinging door, and that while transacting business

with one of defendant's salesmen, he was directed by the salesman to go through said door and into said room, and in compliance with such direction he did so; that the said rear room was dark, and was not lighted, in consequence of which he fell into the elevator shaft and was injured.

The answer is a general denial, with a plea of contributory negligence.

There was a verdict and judgment for the plaintiff for thirteen hundred dollars. The court instructed the jury that nine of their number could render a verdict, and only nine of the jurors concurred in the verdict. The defendants excepted to the instruction of the court, and in their motion for a new trial assigned the following grounds, to-wit: "10. Because the court erred in instructing the jury that nine of their number might return a verdict, whereas, under the Constitution and laws of the State, a verdict is not valid unless concurred in by twelve jurors. 11. Because the so-called Constitution and amendment, purporting to permit a verdict by three-fourths of the jurors, in a civil case, was never legally adopted by the people of the State of Missouri, and as the law stands to-day, a verdict can only be rendered by the entire panel of twelve jurors concurring in such verdict, otherwise it is but a mistrial." The motion in arrest is based upon the ground that the verdict was concurred in by only nine jurors, "and under the Constitution and laws of the State of Missouri it requires the universal consent of the twelve jurors to render a legal verdict in favor of the plaintiff and in favor of the defendant."

The motion being overruled, an appeal was taken to this court. In this court the grounds for the motions for new trial and in arrest, set out above, have been passed over *sub silentio*, and it seems to be assumed by counsel that this court has jurisdiction of this appeal. But in this counsel are in error. No constitutional question was properly raised in the trial court, and, there-

fore, no such question is present in the case, and it is not claimed that this court has jurisdiction upon any other ground. In Ash v. Independence, 169 Mo. l. c. 79, Division Two of this court laid down the rule that a general claim in the trial court that a law or ordinance was unconstitutional, without pointing out the precise provisions of the Constitution which it offended against, was not a proper or sufficient way to raise a constitutional question so as to give this court jurisdiction of the appeal. And it was there pointed out that it made it possible to contend in the trial court that it offended against one provision of the Constitution, while in the appellate court it might be claimed that it violated a totally different provision of the Constitution, and in this way the trial court might be adjudged guilty of error in respect to a matter that was never called to its attention and upon which it never ruled.

The rule thus laid down was followed and approved by this Division of this court in the case of St. Joseph v. Metropolitan Life Insurance Co., 183 Mo. 1.

This case falls within the rule thus laid down.

It is not the law, as stated in the tenth ground for a new trial and in the motion in arrest, that a less number than the whole panel can not return a verdict. And neither the Constitution nor the laws of this State require a unanimous verdict in a civil case. [Gabbert v. Railroad, 171 Mo. 84; Sharp v. National Biscuit Co., 179 Mo. 553.]

No attempt whatever was made to offer anything in support of the eleventh ground of the motion for a new trial, and hence this case does not present the question whether the constitutional amendment relating to juries was or was not legally adopted.

This results in holding that this court has no jurisdiction in this case, and, therefore, the cause is transferred to the St. Louis Court of Appeals.

All concur.