VERA NEWMAN v. JOHN HANCOCK LIFE INSURANCE COMPANY, Appellant.

Court en Banc, January 24, 1927.

**1. APPELLATE JURISDICTION: Constitutional Question: Untimely Raised.** A constitutional question raised for the first time at the second trial of the case as a defense to a suit on a contract, by amended answer then filed, is not raised in time to give this court jurisdiction of the appeal from a judgment in plaintiff's favor.

**2. CONSTITUTIONAL QUESTION: Impairment of Contracts: Legislative Act.** An answer alleging that certain provisions of the insurance policy sued on are protected by the provisions of the Constitution prohibiting the State from enacting any law impairing the obligation of contracts, but mentioning no statute, does not raise a constitutional question.

**3. ———: Construction of Contract.** An assignment that the trial court erroneously construed the insurance contract sued on, and thereby decided the case contrary to appellant's legal rights, does not raise a constitutional issue. A mere erroneous construction of a contract does not involve the construction of the Constitution.

---

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 602, p. 990, n. 54, 57. Courts, 15 C. J., Section 512, p. 1082, n. 66; p. 1083, n. 68, 69.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*Leahy, Saunders & Walther* and *Ward, Reeves & Oliver* for appellant.

*Shepard & Hawkins* for respondent.

WHITE, J.—Plaintiff brought suit in the Circuit Court of Dunklin County upon a policy for $2,000, issued by the defendant, insuring the life of her husband, who died in August, 1918. The insured had borrowed $80 on the policy and judgment was asked for $1920 and interest.

Defendant filed an answer pleading numerous defenses to the effect, in general, that the insured had not met his payments, nor otherwise complied with the terms of the policy, setting out certain provisions, and raising certain alleged constitutional questions.

The reply denied, in general, the allegations of the answer, and set up additional facts to show that the insured had performed his contract.

On a trial before a jury in January, 1925, there was a verdict. for the plaintiff for the full amount sued for and the interest, amounting to $2350. The defendant thereupon appealed to the Springfield Court of Appeals. Afterwards, in June, 1925, appellant filed an application to have the cause transferred to this court on the ground that certain constitutional questions were involved, which application was sustained and the case transferred.

I.    Whether this court has jurisdiction depends upon whether the constitutional question has been properly raised in the trial court.

There was a former trial in which the trial court sustained a demurrer to the evidence. The case was appealed to the Springfield Court of Appeals where the judgment was reversed and the cause remanded. [Newman v. Hancock Mut. Life Ins. Co., 257 S. W. 190.] The opinion of the Court of Appeals in that case stated in substance the pleadings on which the judgment was rendered. On the second trial the plaintiff introduced in evidence the first answer and the first amended answer filed by the defendant. The latter, in substance, if not in terms, is exactly the same as the second amended answer upon which the trial was had, with the exception of the statement regarding the violation of the defendant's constitutional rights. That is to say, the answer to the merits in the first amended answer is the same as the answer to the merits in the second one, upon which the trial was had. From this we infer that the first amended petition was the same in substance as the second amended petition upon which the trial was had. And from the statement of the facts in the opinion of the Springfield Court of Appeals, on the first appeal of the case, the petition seems in substance the same as the petition upon which the last trial was had, so the defendant instead of raising his constitutional question as soon as possible, deferred raising it until after the Court of Appeals had passed upon the issues tendered by the petition and until the second trial in the case. It was not raised in time to give this court jurisdiction. [Williams v. Short, 263 S. W. 200, and cases cited; Strother v. Railroad, 274 Mo. 272, l. c. 277; State v. Swift & Co.. 270 Mo. 694.]

The insurance contract, the construction of the terms of which was involved from the time the first petition was filed, was presented in that petition and challenged the attention of the defendant from the start. The fact that the plaintiff asked judgment on that particular contract, the rendition of which judgment the defendant now says would deprive it of its property without due process of law, presented the matter so that the defendant must have then perceived the attempted infringement upon its constitutional rights and had the opportunity from that time forward to present its constitutional question, but failed to do so until on the eve of the last trial.

II.   No constitutional question was raised.   The answer says that certain provisions of the policy, mentioning them, are protected and secured to the defendant by Section 30, Article II, of the Constitution of Missouri, and by Section 15 of Article II of the Constitution of Missouri, and by Section 10, Article I, of the Constitution of the United States, and by Section I of the Fourteenth Amendment to the Constitution of the United States.

Section 10, Article I, of the Constitution of the United States provides that no State shall enact "any law impairing the obligation of contracts."   Section 15 of Article II of the Constitution of Missouri has the same provision.   Those sections of the Constitution of the United States and of the Constitution of Missouri cannot be violated unless by some enactment of the Legislature of the State of Missouri.   Since no statute of the State is mentioned we conclude that no constitutional question was raised by reference to them.

Section 1 of the Fourteenth Amendment to the Federal Constitution, and Section 30, Article II, of the Missouri Constitution, provide that no person shall be deprived of his property without due process of law.   The appellant in its brief thus explains that feature of the Constitutional question:

"The defendant insurance company merely invoked its legal rights under its policy-loan agreement which are held [citing cases] to be contractual rights, of which the company and the insured cannot be deprived, because the right to borrow money on an insurance policy is a constitutional right protected by the due-process-of-law clause of the Federal Constitution, and by the right of freedom of contract."

That statement is repeated in nearly the same form and nothing further is offered on the constitutional question.

In effect the contention is that the trial court has erroneously construed the policy contract, and so decided the case contrary to defendant's legal rights.   But that does not give this court jurisdiction.   Under Section 12, Article VI, of the Constitution, jurisdiction is limited to cases involving the "construction of the Constitution of the United States and of this State."   The alleged error of the trial court is not an erroneous "construction" of the Federal Constitution or of the State Constitution, but an erroneous construction of the contract.   The plaintiff sues on a contract, the defendant sets up provisions of the contract, and facts which it claims show that the insured forfeited the right of plaintiff to claim to the full amount of the policy.   That does not involve a construction of the Constitution.   [Zach v. Fidelity & Casualty Co., 302 Mo. l. c. 7, 8; Wolf v. Hartford Fire Ins. Co., 304 Mo. l. c. 464; State ex rel. McLaughlin v. Trimble, 274 S. W. 391; Huckshold v. United Rys. Co., 226 S. W. 852.]

In the Zach case (l. c. 8.) Judge RAGLAND who wrote the opinion, used these words: ''In a latitudinarian sense every erroneous ruling in the trial of a cause impinges upon constitutional rights, but it does not follow that for that reason all error involves the 'construction of the Constitution of the United States or of this State.' ''

In the Wolf case the question was whether the defendant in the case had the right of trial by jury. The question before the trial court was whether the petition in the case stated a cause of action at law or cause of action in equity. If in the former, the defendant had the right of trial by jury. This court held, in the opinion written by Judge J. T. BLAIR, that the question for determination was the construction of the *pleadings* in the case and did not require a construction of the Constitution.

Appellant points to no process or proceeding to determine its rights which has been denied it. The complaint is that the trial wrongfully decided certain issues, tendered by the pleadings, against it. A litigant may have been deprived in the trial court of certain constitutional rights; that does not necessarily require a construction of the Constitution, so as to give this court jurisdiction of the appeal.

The case is therefore retransferred to the Springfield Court of Appeals. All concur, except *Graves* and *Ragland, JJ.*, absent.