R. W. GUILLOD v. KANSAS CITY POWER & LIGHT COMPANY, Appellant.—11 S. W. (2d) 1036.

Division Two, December 18, 1928.

*Johnson, Lucas & Graves, William C. Lucas* and *Ludwick Graves* for appellant.

*Otto & Potter* and *B. J. George* for respondent.

WHITE, P. J.—The defendant appealed from a judgment of the Circuit Court of Jackson County, affirming a final award of the Missouri Workmen's Compensation Commission.

On February 5, 1927, plaintiff, Guillod, employed by defendant, while lifting a heavy coil of wire, felt a sudden sharp pain in his right side, and later suffered other symptoms of hernia, which was reduced by operation. Two hundred and fifty dollars compensation was allowed for medical aid, and one hundred and eighty dollars for nine weeks' temporary disability. From this award an appeal was taken to the Circuit Court of Jackson County, and award there affirmed April 26, 1928.

Some interesting questions affecting the construction of certain sections and clauses of the Workmen's Compensation Act are forcibly discussed in the briefs presented by the parties. We are precluded from considering them or taking cognizance of the case for want of jurisdiction. Section 44 of the Compensation Act (Laws 1925, p. 397), provides:

"Appeal from the circuit court shall be allowed the same as in civil actions and all appeals to the circuit court and appellate courts shall have precedence over all other cases except election contests."

An attempt is made to give this court jurisdiction by raising a constitutional question. The finding of the Commission which gives rise to this claim was as follows.

"5. In 1924 the employee sustained an accident resulting in hernia in the same place, which has since been reduced by an oper-

ation, and for which he gave the employer a release 'from all causes of action, controversies, claims and demands whatsoever for or on account of injuries received to the person or damages caused' on the day of the accident, to which was added: 'This release is for all injuries that are now apparent or may hereafter arise.' ''

Appellant claims that this release of all claims for the injury which occurred in 1924, is a bar to the present claim for compensation for the injury which occurred in 1927, and that the award of the compensation commission and the judgment of the circuit court affirming the award, is contrary to Section 10, Article I, of the Constitution of the United States, and Section 15, Article II, of the Constitution of the State of Missouri.

Section 10, Article II, of the United States Constitution provides that "no State . . . shall pass any . . . law impairing the obligation of contracts."

And Section 15, Article II, of the Constitution of Missouri is of like import.

These provisions are directed at a law.

Manifestly a judgment of a court which wrongly construes a contract. or holds it to be of no binding force, does not come within that inhibition of the Constitution. The appellant apparently seeks to bring this case within that provision of the Constitution by using this language in its brief:

"If the plaintiff can, under the Missouri Workmen's Compensation Act. disregard this release and claim compensation, the release is nullified and abrogated. This is strictly contrary to Section 10 of Article I of the Constitution of the United States, and Section 15 of Article II of the Constitution of the State of Missouri, and the Missouri Workmen's Compensation Act would be invalid if it limited, impaired, or lessened in any degree the value of this release or contract.''

If we get the drift of the argument it is that a construction of the Workmen's Compensation Act which would invalidate that release would be impairing the obligation of his contract. Appellant does not complain that the act, nor any section, clause or phrase in it, is unconstitutional. The most that it can be said to claim is that the compensation commission erroneously construed it. Or, more accurately, the commission gave the contract an erroneous construction. This does not raise a constitutional question. Appellant does not even point out any language of the act which is erroneously construed.

In several cases we have held that a construction of this kind does not raise a constitutional question so as to give this court jurisdiction of an appeal. Wolf v. Hartford Fire Ins. Co , 304 Mo. l. c. 468; Zach v. Fid. & Cas. Co., 302 Mo. l. c. 7, 8; Newman v. John Han-

cock Life Ins. Co., 316 Mo. l. c. 456; Corbett v. Lincoln S. & L. Assn., 4 S. W. (2d) 824, l. c. 826-7.]

Accordingly the cause is transferred to the Kansas City Court of Appeals. All concur.