CORAY A. NICKELL, JR., v. KANSAS CITY, ST. LOUIS & CHICAGO RAILROAD COMPANY, Appellant.—32 S. W. (2d) 79.

Division Two, October 13, 1930.

*S. N. Wilson* and *Charles M. Miller* for appellant.

*Lyons & Ristine* and *Hubbell Bros.* for respondent.

DAVIS, C.—This is an action by a minor plaintiff by next friend to recover statutory damages for the death of his father caused by the alleged negligence of the receivers, appointed by a United States Court, operating the railroad of the Chicago & Alton Railroad Company, which said railroad company was the lessee of defendant's railroad. The jury returned a verdict for $2,000, and after an unsuccessful motion for a new trial, defendant appealed from the judgment entered on the verdict.

Defendant asserts jurisdiction·in this court, and grounds its right of appeal here on the postulate that a constitutional question was timely and sufficiently raised in the trial court and kept alive here. Our appellate jurisdiction is the primary question to·be determined, for, if we have it not, we have no right to determine the controversy. To that end we summarize the record briefly.

Plaintiff's theory of recovery against defendant, a lessor railroad, is seemingly based on Section 9879, Revised Statutes 1919, the pertinent portion of which reads: "And a corporation in this state leasing its road to a corporation of another state, or licensing or permitting a corporation of another state, under any running arrangement, to run engines and cars upon its road in this state, shall remain liable as if it operated the road itself."

The averments of plaintiff's amended petition in this connection read:

"At all times herein mentioned, there has been, and now is, a contract, lease, running arrangement and trackage right between the defendant, Kansas City, St. Louis & Chicago Railroad Company and the Chicago & Alton Railroad Company, under the provisions of which contract, lease, running arrangement and trackage right, said last named company has run and operated, and now runs and

operates its trains, cars and locomotives over said tracks of the defendant, Kansas City, St. Louis & Chicago Railroad Company, through the counties aforesaid. . . .

"Defendant, Kansas City, St. Louis & Chicago Railroad Company, is liable to plaintiff and is responsible in damages under the laws of the State of Missouri, among other laws, providing that a corporation in this State leasing its road to a corporation of another state, or licensing or permitting a corporation of another state, under any running arrangement, to run engines and cars upon its road in this State, shall remain liable as if it operated the road itself. The law places said receivers on the same plane as said Chicago & Alton Railroad Company, as respects the liability of said defendant."

Thereafter on June 14, 1926, defendant, to plaintiff's amended petition, filed its demurrer, which the court later overruled, reading:

"Comes now the Kansas City, St. Louis & Chicago Railroad Company, defendant, and demurs to plaintiff's first amended petition for the following reasons, to-wit:

"1. Because the petition does not state facts sufficient to constitute a cause of action against this defendant.

"2. Because this suit and service of process thereon was not filed or had in time on this defendant, as required by law and the maintenance of this suit is barred thereby.

"Wherefore, this defendant prays the judgment of the court."

Thereafter on October 16, 1926, defendant, to said petition, filed its answer. The portion relating to the constitutional question reads:

"Further answering, defendant states that it is not liable for the acts of William W. Wheelock and William G. Bierd, Receivers of the Chicago & Alton Railroad Company, or any of their employees, in the operation of the freight train in question, and if this court should so interpret and construe Section 9879 or Section 9880, Revised Statutes of Missouri 1919, as holding it liable for the acts of said receivers, or their employees, in the operation of said freight train, defendant states said statutes are violative of Section 7, Article I, of the Constitution of the United States, and the Federal Transportation Act of 1920, and Section 1 of the Fourteenth Amendment to the Constitution of the United States and Section 30, Article II, of the Constitution of Missouri, and are therefore unconstitutional and void as depriving defendant of its property without due process of law or the equal protection of the law."

I. The record fails to develop the timely raising of a constitutional question so as to give this court jurisdiction. In orderly procedure the constitutional question must be raised at the earliest moment possible. It was capable of being raised by a demurrer to the petition, for plaintiff very plainly states his theory of recovery in his petition as shown by the averment

that defendant is liable under the laws of Missouri, providing that a corporation in this State leasing its road to a corporation of another state, etc. The validity of the statute could have been attacked by defendant's demurrer, but it is evident that it did not do so, even though it averred that the petition did not state facts sufficient to constitute a cause of action against this defendant. To raise a constitutional question so as to give this court jurisdiction, the demurrer must aver the particular article and section of the Constitution with which the statute is said to conflict, and challenge it on that ground. [Shaw v. Goldman, 183 Mo. 461, 81 S. W. 1223.] A mere challenge on the ground that the petition does not state a cause of action is insufficient. In Dorrah v. Pemiscot County Bank, 248 S. W. 960, 1. c. 962, we say: "The constitutional question attempted to be raised herein is without merit, for several reasons: First, because the defendants could have raised the same issues now presented, by a demurrer to plaintiff's petition, and hence did not present the constitutional question at the earliest practical opportunity."

II. Moreover, even though we could say that the answer was the earliest opportunity that defendant had to raise the constitutional question, we do not think the answer raises it. It will be noted that the answer does not attack the validity of the statute, but merely avers that if the statute is interpreted and construed in a certain manner, it is unconstitutional and in conflict with designated sections of articles of the United States and Missouri Constitutions. The position of defendant is that the courts may erroneously construe the statute to hold that the defendant, the lessor railroad, is liable for the acts of the receivers, and if it does so, the statute is invalid, but this does not constitute an averment that the statute is inherently and totally invalid. A challenge that the statute is unconstitutional in any event is the only challenge that is sufficient to raise a constitutional question and invest this court with appellate jurisdiction. The following cases support our ruling in this regard: Guillod v. Kansas City Power & Light Co., 11 S. W. (2d) 1036; Corbett v. Lincoln Saving & Loan Co., 4 S. W. (2d) 824; McManus v. Burrows, 217 S. W. 512; Staggs v. Gotham Mining & Milling Co., 228 S. W. 461; Kribs v. United Order of Foresters, 222 S. W. 1005.

In conformity with our ruling, the cause must be transferred to the Kansas City Court of Appeals. It is so ordered. *Henwood* and *Cooley, CC.*, concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. *Blair, P. J.*, and *White, J.*, concur; *Walker, J.*, concurs in result.