Roy A. GOODSON and Pauline A. Goodson, his wife, and Curtis L. King and Bonnie M. King, his wife, et al., Individually and as Class Representatives, Appellants,

v.

CITY OF FERGUSON, a Municipal Corporation, Robert C. Storey, City Manager of City of Ferguson, and John A. Thompson, Gerald C. Reid, Clarence F. Bartelsmeyer, John V. Shepardson, Tom Alwood, Robert G. Haddenhorst and Raymond Dussold, as Council Representatives of the City of Ferguson, Respondents.

Ben F. WRIGHT and Ida M. Wright, his wife, and Oliver F. Dahl and Pearl K. Dahl, his wife, Individually, and as Class Representatives, Appellants,

v.

CITY OF FERGUSON, a Municipal Corporation, Robert C. Storey, City Manager of City of Ferguson, and John A. Thompson, Gerald C. Reid, Clarence F. Bartelsmeyer, John V. Shepardson, Tom Alwood, Robert G. Haddenhorst and Raymond Dussold, as Council Representatives of the City of Ferguson, and Municipal Contractors, Inc., a Corporation, Miller Brothers Excavating Company, Respondents.

Glenn V. HOOKER and Grace R. Hooker, his wife, and Richard C. Hardesty and Laura M. Hardesty, his wife, Individually and as Class Representatives, Appellants,

v.

CITY OF FERGUSON, a Municipal Corporation, Robert C. Storey, City Manager of City of Ferguson, and John A. Thompson, Gerald C. Reid, Clarence F. Barteismeyer, John V. Shepardson, Tom Alwood, Rob-

ert G. Haddenhorst and Raymond Dussold, as Council Representatives of the City of Ferguson, and Municipal Contractors, Inc., a Corporation, Respondents.

Nos. 47977–47979.

Supreme Court of Missouri,

Division No. 2.

Nov. 14, 1960.

William R. Schneider, St. Louis, for plaintiffs-appellants.

Carleno & Nick, Ferguson, Wehrle & Wehrle, Clayton, Michael J. Aubuchon, St. Louis, for respondents.

STOCKARD, Commissioner.

In each of these three cases (consolidated for purposes of appeal) the trial court dismissed plaintiffs' petition for failure to state a claim upon which the requested relief may be granted. If this court has jurisdiction of these appeals it is only because the petitions properly and sufficiently allege facts which present an issue involving the construction of the Constitution of the United States or this state within the meaning of Section 3, Article V, Constitution of Missouri. The substance of the petitions is the same. We shall refer to the allegations of the petition in case number 47,978.

Plaintiffs allege that the City of Ferguson is a special charter city organized under Section 19, Article VI, Constitution of Missouri, V.A.M.S., and that certain named defendants are its city manager and the members of its council; that plaintiffs are the owners of real property abutting on Derinda Avenue between Elizabeth and Barat Avenues and that they bring this action for themselves and as a class representative for other resident property owners. Plaintiffs attach to the petition and incorporate therein by reference copies of Sections 68, 69 and 70 of Article VIII of the charter of the City of Ferguson, and allege that these sections were "in effect at all times material hereto." Section 68 provides that any public improvement, except in emergencies, shall be begun by the adoption of a resolution, and when payment therefor is to be by special tax bills, the resolution shall state the proposed method of making assessments to pay for the improvement and the estimate of the probable cost. Section 69 provides that any public improvement which is to be paid for in whole or part by special tax bills shall be authorized and executed as follows: The

council shall publish the resolution declaring the necessity for such improvement and cause a copy of the resolution to be mailed to each resident property owner and hold a public hearing thereon; if at least eighty percent of the resident property owners who also own eighty percent of the front feet abutting on the proposed improvement shall file protests against such improvement, "then the council shall authorize such improvement only by an ordinance passed with the affirmative vote of at least six members of the council;" but if such protests are not filed the improvement may be authorized by the passage of an ordinance in the ordinary manner. Section 70 provides for the finality of the determination by the city council that no valid protests to the improvement were filed.

Plaintiffs then allege that on January 28, 1958 the council of the City of Ferguson passed a resolution "declaring the necessity of grading and paving Derinda Avenue" and that "a portion of the cost thereof to the extent of approximately $6.50 per front foot, be levied as an assessment in the form of special tax bills against all privately owned real property abutting both sides of said Derinda Avenue"; that "pursuant to Section 69 of the charter of said City" the defendants did cause notice of the passage of said resolution and of the holding of a public hearing thereon on February 11, 1958 to be published and mailed to the owners of real property abutting Derinda Avenue; that within ten days after the public hearing there was lodged with the clerk of the City of Ferguson protests in writing by all the resident owners of all the property abutting said street against making the street improvements and against assessing the costs thereof against the property abutting Derinda Avenue; that on February 28, 1958 a bill was introduced in the council which "on March 11, 1958 was passed and approved as Ordinance No. 228" providing for the grading and paving of Derinda Avenue and for. the payment of the cost thereof by assessing such cost against the real property abutting both sides of said street in the form of special tax bills against such property at a rate not to exceed $6.50 per front foot; that on July 7, 1959 the council passed an ordinance approving plans and specifications for repaving of Derinda Avenue and authorizing the city manager to advertise for bids; and that bids were requested by advertisement and a bid was submitted by Municipal Contractors, Inc. subject to acceptance by the council. A copy of Ordinance No. 228 is attached to and made a part of the petition. Plaintiffs then allege that payment for the work will be made by the issuance to the contractor of special tax bills which will constitute a lien and cloud upon the title of the real property owned by plaintiffs and those constituting the class represented by plaintiffs, and "That the letting of said bids and the advertisement therefore is invalid and in violation of the terms of the charter of the City of Ferguson and Article VI, Section 19 of the constitution of the State of Missouri;" and also "that Ordinance No. 228 as aforesaid, insofar. as it authorizes the cost of the paving of Derinda Avenue as aforesaid to be levied as an assessment in the form of special tax bills against the respective parcels of real property abutting Derinda Avenue as aforesaid, is void and unconstitutional, in that the issuance of special tax bills thereunder against the real property abutting said Derinda Avenue as aforesaid, will deprive these plaintiffs and others whom they represent as a class, of their property, without due process of law, in derogation and contravention of Article I, Section 10 of the Constitution of the State of Missouri, and of Amendment No. V of the Constitution of the United States of America."

Plaintiffs next allege, in paragraph 9 of their petition, that "Derinda Avenue * * had been resurfaced and paved with macadem within a short time prior to the passage of said Ordinance No. 228," and that at the time of the passage of the ordinance and at the time the suit was filed "the surface of said Derinda Avenue is in an excellent state of repair and has so been for a long time prior thereto;" that there was and is "no immediate necessity or reason for the resurfacing and repaving of said Derinda

Avenue;" that the finding of the city council that it was necessary to pave Derinda Avenue with concrete was made "without reasonable cause or excuse and had no relation to the facts concerning the condition of said Derinda Avenue." They further allege that the finding of the city council "regarding the necessity of repaving Derinda Avenue * * * was part and parcel of a plan or scheme of the members of said Council to repave with concrete all of the streets in said City regardless of their condition or the necessity for said repaving." Plaintiffs then conclude with general allegations to the effect that Ordinance No. 228 in respect to the finding therein of necessity for the repaving of Derinda Avenue is arbitrary, oppressive and unreasonable, and any tax bills issued in respect thereof would amount to extortion and confiscation "in violation of the laws and constitution of the State of Missouri and of the United States of America, as afore set out."

The allegations of fact in the petition, which we accept as true for purposes of this appeal, show that Ordinance No. 228 was duly enacted in strict compliance with Sections 68, 69 and 70 of Article VIII of the charter of the City of Ferguson, except that there is no allegation that the ordinance was passed by the vote of a least six councilmen. But, there is no allegation that the required number did not vote for the ordinance. Plaintiffs then allege, in the form of a legal conclusion, that the advertising for and letting of bids is invalid and in violation of the terms of the charter and of Section 19, Article VI of the Constitution. What terms of the charter and in what respect? Certainly there was no violation of Sections 68, 69 and 70. The provision of the Constitution referred to authorizes certain cities to adopt a charter and provides the procedure for doing so. There is no contention that the charter was not validly adopted. No facts are alleged from which it possibly could be found that a violation of this constitutional provision occurred.

Plaintiffs next allege, as a legal conclusion, that Ordinance No. 228 will deprive plaintiffs "of their property, without due process of law," in violation of both the Missouri and Federal Constitutions. Again, in what respect? It could not be on the issue of notice or public hearing. Plaintiffs affirmatively plead that the required notice was actually given and that a public hearing was held.

Plaintiffs assert that the facts from which a violation of the constitution may be found are alleged in paragraph 9 of the petition. The allegation there that the action of the city council was "part and parcel of a plan or scheme" is really a conclusion, as is the allegation that there was no immediate necessity or reason for resurfacing and repaving Derinda Avenue. But considering these allegations to be of ultimate facts, when paragraph 9 of the petition is analyzed we find that plaintiffs contend that Derinda Avenue had recently been resurfaced and paved with macadam, that the "surface" of the street is in an excellent state of repair, and that the members of the city council unlawfully conspired to repave it when the work was not needed. What plaintiffs really assert is that the act of the city in proceeding to pave Derinda Avenue with concrete under the stated circumstances is in excess of its authority or an abuse of power. Assuming, but of course not deciding, this to be true, this does not establish a violation of any constitutional provision, or present any issue for decision not within the jurisdiction of the Courts of Appeals. See Fischbach Brewing Co. v. City of St. Louis, 337 Mo. 1044, 87 S.W. 2d 648. Of course, the legal conclusions at the end of paragraph 9 that any tax bills would amount to extortion and confiscation in violation of the laws and Constitution of Missouri and of the United States Constitution present no issue for determination.

Notwithstanding the above analysis of plaintiffs' petition, we shall look to the two points in their brief in which they contend there is a constitutional question for determination. In their first point they assert that the trial court's order dismiss-

ing their petitions "constitutes the deprivation of plaintiffs-appellants' property rights without due process of law, in contravention of the Constitution of the United States and of the State of Missouri," because they have been deprived of their day in court. An error committed by a trial court in construing a petition as to its suficiency to state a claim is correctible on appeal, but the alleged erroneous construction of the petition does not present a constitutional question of being deprived of due process of law within the meaning of Section 3, Article V, Constitution of Missouri to vest appellate jurisdiction in the Supreme Court. Miltenberger v. Center West Enterprises, Inc., Mo.Sup., 245 S.W.2d 855. See also Bealmer v. Hartford Fire Ins. Co., 281 Mo. 495, 220 S.W. 954; Newman v. John Hancock Mut. Life Ins. Co., 316 Mo. 454, 290 S.W. 133; Guillod v. Kansas City Power & Light Co., 321 Mo. 586, 11 S.W.2d 1036.

In their last point plaintiffs assert that Section 70 of Article VIII of the city charter and Section 1 of the ordinances applicable to each case are unconstitutional because by the ordinances the city declared that no valid protests had been filed, and Section 70 purports to make such a finding conclusive. They cite Findley-Kehl Inv. Co. v. O'Connor, Mo.Sup., 256 S.W. 798, 799. There the city charter provided that if remonstrances to a public improvement were filed "the power of the board to make the improvement shall cease for the period of six months." It was held that a charter provision which purported to make final and conclusive the determination of an administrative board that no legal remonstrance has been filed was unconstitutional. However, under the provisions of Sections 69 and 70 of Article VIII of the charter of the City of Ferguson, if the required number of protests are filed the city council does not lose its authority to authorize the public improvement, but in order to authorize it the action must be by the approval of six members of the city council. Plaintiffs do not allege or contend that the ordinances authorizing the public improvements were not approved by the required number of the members of the city council. Therefore, plaintiffs do not state facts in their petitions which bring into issue the question of whether Section 70 of Article VIII of the city charter and Section 1 of the respective ordinances violate any constitutional provision.

A litigant may not invoke the jurisdiction of this court by simply inserting in a pleading in the form of legal conclusions some assertions that a violation of the Constitution has occurred. McGill v. City of St. Joseph, Mo.Sup., 31 S.W.2d 1038; State ex rel. Heppe v. Zilafro, Mo. Sup., 206 S.W.2d 496. "Averments of a general nature or legal conclusions do not present an issue involving the construction of the constitution, Federal or State, so as to vest appellate jurisdiction in this court. This has been applied to allegations: 'That to enforce the tax bills would deprive appellants of their property without compensation in violation of section 30 of article 2 of the Constitution [the due process clause].' City of Marshfield ex rel. to Use of Hasten v. Brown, 337 Mo. 1136, 88 S.W.2d 339, 341 [4]. '"Said ordinance is also unconstitutional and void and the title thereof defective so that it deprives plaintiffs of rights and property without due process of law as guaranteed by section 30 of article II of the Constitution of the State of Missouri"' McGill v. City of St. Joseph, * * * [supra]." State ex rel. Houser v. St. Louis Union Trust Co., Mo.Sup., 248 S.W.2d 592, 595. See also State ex rel. Barnett v. Sappington, Mo. Sup., 260 S.W.2d 669, 671; Metzger v. Metzger, Mo.Sup., 145 S.W.2d 380, 384; Bieser v. Woods, 347 Mo. 437, 147 S.W.2d 656, 659; and Juengel v. City of Glendale, Mo.Sup., 161 S.W.2d 408. The conclusions of the pleader are not to be considered in determining whether plaintiffs have stated a cause of action, Ryan v. City of Warrensburg, 342 Mo. 761, 117 S.W.2d 303, because the averment of a legal conclusion is not a statement of an issuable fact and

**846**

is to be treated as no statement at all. State ex rel. and to Use of Smith v. Sevier, Mo.Sup., 92 S.W.2d 102.

We conclude that there are no allegations of fact in the petitions which, if true, present any issue as to the constitutionality of any ordinance of the City of Ferguson or of Sections 68, 69 and 70 of Article VIII of the charter of that City. Neither do the petitions allege facts presenting any issue of due process of law. There is no issue "involving the construction of the Constitution of the United States or this state," and for that reason this court does not have jurisdiction of the appeals. Therefore, these three cases are transferred to the St. Louis Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.