In re ESTATE of Isaac T. BIERMAN, Deceased.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Claimant and Petitioner-Appellant,

v.

Leonard L. BIERMAN et al., Executors-Respondents.

No. 50916.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Rehearing Denied Dec. 13, 1965.

Francis L. Kenney, Jr., Bernard A. Reinert, and Kenney, Reinert & Hespen, St. Louis, for appellant.

Karol A. Korngold, St. Louis, for respondents, Leonard L. Bjerman and Ruth L. Kalmon, executors of estate of Isaac Bierman, Deed.

WELBORN, Commissioner.

The St. Louis County Probate Court issued letters testamentary in the Estate of Isaac Bierman on September 9, 1960. Publication of notice of letters concluded October 14, 1960. On May 22, 1963, Hartford Accident and Indemnity Company filed

in the St. Louis County Probate Court a claim in the amount of $1,672.29 against Bierman's estate, but this claim was not served on the coexecutors. On July 5, 1963, Hartford filed its "Supplemental Claim" in the same amount and copies thereof were served on the coexecutors on July 10 and 14, 1963.

The executors moved to dismiss the claim in the Probate Court on the grounds that it had not been filed within the time permitted by law for the filing of claims and that it had not been properly served on the executors. The Probate Court sustained the motion, whereupon the claimant took an appeal to the St. Louis County Circuit Court. There the executors moved to dismiss the claim on the grounds that the court did not have jurisdiction for the reasons asserted in the Probate Court. The court sustained the motion and after its motion for a new trial had been overruled, the claimant appealed to this court.

Appellant predicates the jurisdiction of this court upon the premise that the construction of the Constitution of the United States and the construction of the Constitution of the State of Missouri are involved within the meaning of § 3, Article V, Constitution of Missouri, 1945, V.A.M.S. Although our jurisdiction has not been questioned, we must nevertheless satisfy ourselves that the case presented properly lies within the limited jurisdiction of this court.

Appellant states that our jurisdiction arises as follows:

"Appellant contends: (1), that the statutory construction here involved is the ruling of the Circuit Court below, based on V.A.M.S., 473.360, in contravention of Appellant's rights under the Missouri Constitution, Article I, Sec. 13, the U. S. Constitution, Article I, Sec. 10, and the 14th Amendment; (2), that the Court below in dismissing Appellant's claim in the amount of One Thousand Six Hundred Seventy-two and 29/100 Dollars ($1,672.29) denied to

Appellant rights to which it is entitled by the terms of its contract with the decedent, Bierman, and deprived Appellant of the means of enforcing such rights; and, (3), that these constitutional rights of Appellant were raised in the Probate Court and subsequently in the Circuit Court of St. Louis County."

From the appellant's brief and the oral argument, we deduce that the basic contention of appellant is as follows: Its claim is based upon an indemnity agreement executed by Isaac Bierman in 1947, in connection with the issuance of a bond by Hartford in favor of the Compressed Steel Corporation. In June, 1962, a claim was made on the bond which Compressed did not pay and Hartford did on October 4, 1962. The estate of Bierman is alleged to be liable to Hartford under the indemnity agreement for $1,672.29, the amount which it paid on the bond. Appellant's position is that the nonclaim statute (§ 473.360, RSMo 1959, V.A.M.S.), if applied against it, would impair the obligation of its contract in violation of § 13, Article I, Constitution of Missouri, 1945, and § 10, Article I, Constitution of the United States. Appellant also contends that it has been denied equal protection of the laws in violation of the 14th Amendment to the Constitution of the United States by reason of the fact that § 473.360 does not bar contingent claims based upon warranties in the transfer of real estate, but would bar its contingent claim if not filed and presented in accordance with that section.

Whether or not these questions are actually before us depends upon whether they were properly raised in the courts below and properly preserved for review here.

 We start with the proposition that our jurisdiction must affirmatively appear from the record before us. A basic requirement is that such record show that the constitutional question was raised at the earliest opportunity. The record here is barren as to what, if any, constitutional

questions were presented in the Probate Court. No showing is made regarding constitutional questions in the Circuit Court until the appellant's motion for new trial. In its motion, the only references to the constitutional provisions here attempted to be relied upon are in paragraphs 6 and 8, which read as follows:

"6. The Court erred in sustaining the executors' Motion to Dismiss because the Court's order sustaining said Motion is against the law in that it is in violation of Article I Section 13 of the Missouri Bill of Rights which provides that no law impairing the obligations of contracts shall be enacted."

"8. The Court erred in sustaining the executors' Motion to Dismiss this plaintiff and petitioner's claim because the order of the Court sustaining said Motion is against the law in that it violates the 14th Amendment to the Constitution of the United States wherein it denied to this petitioner and plaintiff the rights which are accorded by Section 473.360 Vernon's Ann.Mo.Stat. to owners and grantees of real estate having contingent claims based on warranties made in connection with conveyance of the said real estate."

We find no reference to § 10 of Article I of the Constitution of the United States, which appellant invokes. However, even if it were coupled with the reference in paragraph 6 to Article I, Section 13, Constitution of Missouri, we would be faced with the fact that the specification in the motion for new trial is insufficient to present a constitutional question for review on appeal. The motion does not attack any legislative enactment as unconstitutional, but lays the charge only against the court's order sustaining the motion to dismiss. The constitutional provisions relied upon may be violated only by an enactment of the legislature. Newman v. John Hancock Mutual Life Ins. Co., 316 Mo. 454, 290 S.W. 133, 134 [3]; Kemper Mill & Elevator Co. v. Missouri Pacific Ry. Co., Mo.Sup., 178 S.W. 502, 503 [1].

We are confronted with the same problem with respect to the specification which attempts to invoke the 14th Amendment to the Constitution of the United States. The constitutional deficiency is attributed to the ruling of the court, not to the statute upon which the court's ruling is based. Equal protection of the laws may be denied by state judiciary action. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161, 3 A.L.R.2d 441. However, mere alleged error in judicial ruling is not sufficient to invoke the equal protection provision of the 14th Amendment. State v. Euge, Mo.App., 359 S.W.2d 369, 370–371 [3, 4]. Since appellant's assignment did not question the constitutionality of § 473.360, it would, at the most, raise only a question of erroneous application (see Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98) or construction of § 473.360, which does not properly involve constitutional construction within the meaning of our jurisdictional requirement. § 3, Article V, Constitution of Missouri, 1945. Langan v. United States Life Ins. Co., Mo. Sup., 114 S.W.2d 984.

Thus, even if we should assume that the appellant's motion for new trial was, in this particular informal proceeding, (see Ivey v. Ayers, Mo.Sup., 301 S.W.2d 790, 793–794 [3–5]), the first place in the record of the proceedings where its constitutional objections might have been specified, the specifications here found were insufficient to present any constitutional question to the trial court for its determination and are insufficient to preserve the matter for our review. Inasmuch as constitutional objections must be properly preserved in the motion for new trial if they are to form the basis for our jurisdiction, we conclude that the matters here attempted to be raised are not properly before us and afford no basis for our jurisdiction of this appeal.

By its reply brief, appellant has sought also to raise the question that § 473.360 is a special law impairing the ob-

ligation of contract in contravention of § 40(6) and (28) of Article III of the Constitution of Missouri. However, this question may not be presented for the first time by the appellant's reply brief. Magenheim v. Board of Education, Mo.Sup., 340 S.W.2d 619, 621 [4].

There being no other basis for our jurisdiction, we conclude that we have no jurisdiction of this appeal.

The cause is transferred to the St. Louis Court of Appeals.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.